UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TANYA M. MARTIN, Administratrix of the Estate of William Parker Martin, *et. al.*, | ) ) ) | Case No.: 1:08 CV 2165 |
| Plaintiffs | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| CITY OF BROADVIEW HEIGHTS, *et al.*, | ) ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court is the Motion of Defendants City of Broadview Heights (the "City"), City of Broadview Heights Police Department (the "Police Department"), Officer Ryan Tieber ("Tieber"), Officer Michael Semanco ("Semanco"), Officer Scott Zimmerman ("Zimmerman"), Officer Rob Novotny ("Novotny"), Chief Roberty Lipton ("Lipton"), Lt. Steve Kopniske ("Kopniske"), and Sgt. Tim Scarbrough ("Scarbrough"), (collectively, the "Defendants"), to Amend this court's Order ruling on Defendants' Motion for Summary Judgment. (ECF No. 58.) For the following reasons, the court grants Defendants' Motion.

## I. BACKGROUND

This case arises out of the August 16, 2007 death of William Parker Martin, following his arrest by Officer-Defendants Tieber, Semanco and Zimmerman. (Compl, ECF No 1-1.) On August 18, 2008, Plaintiffs filed a thirteen (13) Count Complaint asserting the following claims: (1) Count One: Assault against Defendants Tieber, Semanco, Zimmerman, and/or Novotny; (2) Count Two:

Battery against Defendants Tieber, Semanco, Zimmerman, and/or Novotny; (3) Count Three: Deprivation of Civil Rights: Unreasonable Seizure, Unreasonable/Unnecessary/Excessive Force against Defendants Tieber, Semanco, Zimmerman, and/or Novotny; (4) Count Four: Unlawful Restraint against Defendants Tieber, Semanco, Zimmerman, and/or Novotny; (5) Count Five: Negligence against Defendants Tieber, Semanco, Zimmerman, and/or Novotny; (6) Count Six: Negligent Hiring/Training/Supervision against Defendants City, Police Department, Chief Lipton; Lt. Kopniske, and Sgt. Scarbrough; (7) Count Seven: Loss of Consortium against all Defendants; (8) Count Eight: Vicarious Liability/Respondeat Superior against the City; (9) Count Nine: Infliction of Emotional Distress against all Defendants; (10) Count Ten: Supervisory Liability against Defendants Tieber, Semanco, Zimmerman, Novotny, Chief Lipton, Lt. Kopniske, and Sgt. Scarbrough; (11) Count Eleven: Wrongful Death against all Defendants; (12) Count Twelve: Survivorship against all Defendants; and (13) Count Thirteen: Punitive Damages against all Defendants. (Compl. ECF No. 1-1.) Additionally, Plaintiff named John Doe Defendants with respect to Counts Six, Eight, Nine, Ten, Eleven, Twelve, and Thirteen. The facts of the case are set forth in this court's August 18, 2011 Order deciding Defendants' Motion for Summary on August 16, 2007.

On August 15, 2010, Defendants filed their Motion for Summary Judgment (ECF No. 51), which this court granted in part and denied in part in its August 18, 2011 Order. (Order, ECF No. 57.) The court's Conclusion stated as follows:

> The court hereby grants in part and denies in part Defendants' motion for summary judgment. (ECF No. 51.) The court grants summary judgment in favor of Defendants for Counts Four, Five, Eight, Nine to the extent the claim is based on negligence, Ten, and Eleven, to the extent the claim is based on negligence. The court grants summary judgment in favor of Defendant Novotny for all counts against him, which are Counts One, Two, Three, Four, Seven, Eleven, Twelve, and Thirteen. Pertaining to Defendants Tieber, Semanco, and Zimmerman, the court denies summary judgment on Counts One, Two, Three, Nine, Eleven, Twelve, and Thirteen, and

>>grants summary judgment in their favor on Counts Four. Pertaining to Defendants Lipton, Kopniske, and Scarbrough, the court grants summary judgment in their favor on all counts pled against them. Pertaining to the City, the court denies summary judgment on Counts Six and Thirteen and grants summary judgment in its favor on all other counts pled against it.

(Order at 34–35.)

On August 25, 2011, Defendants filed the instant Motion seeking the following amendments to the Order:

>1. The Conclusion, which states that, "[p]ertaining to the city, the court denies summary judgment on Counts Six and Thirteen [punitive damages]" (Order at 35), should be amended to comport with Section IV-C of the Order which notes that "[p]unitive damages can not be awarded against a municipality." (*Id.* at 33.)
>
>2. The Conclusion should be amended to specify that summary judgment is entered in favor of the Police Department on all counts, to reflect the court's determination in Section IV-A that, "the Police Department is not a proper defendant because it is not an entity separate from the City." (*Id.* at 10.)
>
>3. The Order should be amended to specify that John Doe I, John Doe II, and John Doe III are dismissed as parties because Defendants "provided authority why the John Does should be dismissed, and the Plaintiff has not opposed such dismissal."
>
>4. The Order should be amended to specify the remaining Counts. Defendants assert that their understanding of the Order is that Counts One, Two, Three, Seven, Eleven, Twelve, and Thirteen have survived as against Officers Semanco, Tieber, and Zimmerman; and that Count Six has survived against the City.

(Defs.' Br. in Supp. of Mot. to Amend Order at 2, ECF No. 58-1.)

On September 1, 2011, Plaintiffs filed their Opposition to Defendants' Motion (ECF No. 59), objecting only to the fourth proposed amendment, arguing that "Defendants are incorrect in believing that this Honorable Court granted summary judgment against the Plaintiffs on all of the claims asserted by Plaintiffs in Counts Eight and Nine of their Complaint." (Pls.' Br. in Opp'n at 2,

ECF No. 59.) Specifically, Plaintiffs contend that the court dismissed Counts Eight and Nine only to the extent these claims were based on negligence. Defendants filed their Reply on September 2, 2011. (ECF No. 60.)

## II. LAW AND ANALYSIS

The Sixth Circuit has stated that district courts "have inherent power to reconsider interlocutory orders . . . before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1283 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943)); *see also Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) (noting courts also have authority under Fed. R. Civ. P. 54(b) to "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment"). The court may also modify interlocutory orders. *Mallory*, 922 F.2d at 1283 (citing *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922).) In general, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 Fed. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

In this case, Defendants are correct that the Conclusion section of this court's August 18, 2011 Order does not accurately reflect determinations that were clearly made by the court in its analysis. Due to a drafting error, the court did not recapitulate properly all of its holdings. In particular, the court stated in its conclusion that it denies summary judgment in favor of the City with respect to Counts Six and Thirteen (punitive damages), even though the court had previously noted that "[p]unitive damages can not be awarded against a municipality." (Order at 33.) Second, while the Conclusion stated that the court grants summary judgment in favor of Defendants on

"[Count] Nine [infliction of emotional distress] to the extent the claim is based on negligence," the court clearly concluded in its analysis that Plaintiffs' infliction of emotional distress claim failed under an intentional tort theory as well. Indeed, the court concluded that "[b]ecause the standard for intentional infliction of emotional distress is so narrow, Plaintiffs have not offered sufficient evidence for their claim to survive on summary judgment." (Order at 32.) Accordingly, the court grants Defendants' Motion and hereby amends its prior Order to reflect that it granted summary judgment in favor of the City with respect to Count Thirteen (punitive damages), and that it granted summary judgment in favor of Defendants with respect to Count Nine for Plaintiffs' claims of negligent and intentional infliction of emotional distress. Plaintiffs are incorrect in asserting that the court granted summary judgment in favor of Defendants on Count Nine only to the extent it is based on negligence. (Pl.'s Br. in Opp'n at 2–3.)

Further, Plaintiffs are incorrect in asserting that Count Eight (vicarious liability/respondeat superior) is still pending against Tieber, Semanco, and Zimmerman. (Pl.'s Br. in Opp'n 2.) With respect to Plaintiffs' claim for vicarious liability/respondeat superior, the court granted summary judgment in favor of the City, because under federal law, the City "cannot be held vicariously liable for Defendant Officers' conduct, but can only be held liable for unconstitutional conduct attributable [to] it." (Order at 15.) Further, the court held that under state law, the City was entitled to immunity pursuant to Ohio R.C. § 2744.02(A)(1). (*Id.* at 24–25.) The court also granted summary judgment on this Count in favor of Lipton, Kopniske, Scarbrough, and Novotny, holding that they were entitled to immunity under federal law (*id.* at 20–23), and under state law for state claims. (*Id.* at 26.) Contrary to Plaintiffs' contention, Count Eight is not pending against Tieber, Semanco, and Zimmerman as these Defendants are not even supervisors or employers against whom a claim for

vicarious liability/respondeat superior can properly be asserted.

Additionally, for the sake of clarity, the court amends its Conclusion to reflect its determination that "the Police Department is not a proper defendant because it is not an entity separate from the City." (Order at 10.)

### III. CONCLUSION

For the foregoing reasons, the court hereby grants Defendants' Motion to Amend (ECF No. 58.) The Conclusion of the court's August 18, 2011 Order is amended to reflect as follows: The court grants in part and denies in part Defendants' Motion for Summary Judgment. (ECF No. 51.) The court grants summary judgment in favor of Officer Novotny for all Counts asserted against him. With respect to Officers Tieber, Semanco, and Zimmerman, the court grants summary judgment in their favor on Counts Four (unlawful restraint), Five (negligence), and Nine (intentional and negligent infliction of emotional distress); and denies summary judgment on Counts One (assault), Two (battery), Three (unreasonable seizure, unreasonable/unnecessary/excessive force), Seven (loss of consortium), Eleven (wrongful death), Twelve (survivorship), and Thirteen (punitive damages). With respect to Defendants Lipton, Kopniske, Scarbrough, and the City of Broadview Heights Police Department, the court grants summary judgment in their favor on all Counts pled against them. With respect to the City, the court denies summary judgment on Count Six (negligent hiring/training/supervision), and grants summary judgment in its favor on all other Counts pled against it. Lastly, all John Doe Defendants are dismissed from the case. *See Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007), FED. R. CIV. P. 4(m).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*

                                                      CHIEF JUDGE
                                                      UNITED STATES DISTRICT JUDGE

October 31, 2011